UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **WILLIAM PAUL SALLEE, SR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**STATE OF INDIANA,** *et al.,* )<br>)<br>**Defendants.** ) | CAUSE NO.  3:06-CV-020 AS |

### *OPINION AND ORDER*

William Paul Sallee, Sr. a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Sallee alleges that the defendants have denied him medical treatment for "a real bad tooth ache." Complaint at 3, docket # 1. Mr. Sallee cites an Indiana statute, but violations of state law do not state a claim under § 1983, only the deprivation of a federal right states a claim. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373. Giving Mr. Sallee the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the pain caused by his tooth ache qualifies as a serious medical need.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Mr. Sallee alleges that he filed a request for dental services on November 17, 2005, and that on the same day he was told by a nurse that an appointment would be set up. On November 18, 2005, he filed another request asking to see

the dentist immediately and on the same day was told by a nurse that every inmate wants to be seen immediately but the next available appointment was in February. On November 22, 2005, Mr. Sallee filed a grievance and the next day he received a response from the jail commander stating that his medical problem was being referred to the nurse and hoping that the medical staff could get him an earlier appointment.

> Mr. Martin names both medical and non-medical defendants.
>
> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Here, the jail commander passed the medical issue along to the nurse who was already aware of, and was working on, the request for dental treatment. Therefore the jail commander must be dismissed.

Mr. Sallee wants to see the dentist sooner, but "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Mr. Sallee's case was reviewed by a nurse who promptly responded to him and scheduled him for the next available appointment. The complaint makes clear that the toothache causes him pain, but he was not denied pain relief. His

4

inmate trust account ledger evidences that during the forty-seven days after he filed his first healthcare request on November 17, 2005 and before he filed this complaint, he purchased Tylenol 76 times, Oragel once, and Ibuprofen twice. Additionally, he choose to spend more than $75.00 on other commissary items during that same time.

Though he might dislike having to pay for his own medication, the Constitution does not entitle him to free medical care. Deliberate indifference is a very high standard and the defendants would not be liable under § 1983 even if they were negligent, incompetent, unreasonable, or committing medical malpractice. Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Here, the facts presented by Mr. Sallee do not demonstrate deliberate indifference. His medical requests were answered promptly and he was scheduled for a dentist appointment. In the interim, his pain has been managed with over-the-counter pain medication. Though he states that he needs an emergency dental visit, a toothache does not require emergency treatment, not even a real bad toothache. The Eighth Amendment does not require medical success nor even reasonable treatment. Though his treatment may have been different, less expensive, less effective, and less prompt than he would have liked, the facts alleged do not support a claim of deliberate indifference.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: February  3 , 2006**

                                s/Allen Sharp
                                **ALLEN SHARP, JUDGE**
                                **UNITED STATES DISTRICT COURT**